IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABIGAL IBARRAROCO, | } | |
| No. 88061496, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION H-09-3085 |
| | } | |
| EDWIN BARNES, *et al.*, | } | |
| Defendants. | } | |

OPINION ON DISMISSAL

Plaintiff is an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). She is presently detained at the Houston Detention Facility awaiting removal to Uruguay.

The Clerk opened this case as a civil right suit pursuant to 42 U.S.C. § 1983. Although plaintiff recites her account of alleged mistreatment by government employees who were attempting to deport her, she does not complain of constitutional violations nor does she seek monetary or equitable relief from the same. Instead, she seeks an emergency stay of the removal order or further review of such order. For this reason, the pleading is more properly construed as a petition for federal habeas relief pursuant to 28 U.S.C. § 2241. Accordingly, the Clerk is ORDERED to correct the docket sheet to reflect the re-designation of this case as a petition for writ of habeas corpus, designating Eric Holder as the Respondent.

On May 11, 2005, the REAL ID Act of 2005 was signed into law as Division B of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005. Pub. L. No.109-13, § 106(c), 119 Stat. 231 (2005). The Fifth Circuit has repeatedly held the REAL ID Act divests federal district courts of jurisdiction over § 2241

petitions that attack removal orders.[1] *See Hernandez-Castillo v. Moore,* 436 F.3d 516, 518 (5th Cir. 2006); *Ramirez-Molina v. Ziglar,* 436 F.3d 508, 512 (5th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement,* 426 F.3d 733, 736 (5th Cir. 2005). Therefore, this Court lacks jurisdiction to consider this habeas corpus petition, which challenges petitioner's order of removal.

This Court also lacks jurisdiction to grant petitioner a stay of removal. INA § 242(g); *Idokogi v. Ashcroft,* 66 Fed. Appx. 526 (5th Cir. 2003).

Finally, since this petition was filed *after* the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case. REAL ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.

Accordingly, this petition is DENIED AND DISMISSED for want of jurisdiction and petitioner's request for an emergency stay of deportation is DENIED for want of jurisdiction.

It is so ORDERED.

SIGNED at Houston, Texas, this 1st day of October, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal, and that a petition for writ of habeas corpus is not an appropriate vehicle for challenging a removal order. REAL ID Act § 106(a)(1)(A)(iii). These jurisdictional amendments became effective on May 11, 2005. *Id.* § 106(b).